UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

RANDALL FOX,

Defendant.

NO. CR16-100RSL

ORDER GRANTING RANDALL FOX'S MOTION TO WITHDRAW GUILTY PLEA

This matter comes before the Court on the motion of defendant Randall Fox to withdraw his guilty plea. Dkt. # 190. Having reviewed the memoranda and exhibits submitted by the parties, as well as the remainder of the record in this case, and having heard oral argument on the motion, the Court grants the motion for the reasons that follow.

**BACKGROUND**

Defendant Randall Fox is charged with one count of conspiracy (under 18 U.S.C. § 371) and one count of Act to Prevent Pollution from Ships (APPS) oil discharge violation (under 33 U.S.C. § 1908(a), 18 U.S.C. § 2, and 33 C.F.R. §§ 151.10(a–b), 155.350). Dkt. # 4 at 4–5, 7–8. The government alleges that defendant and his father, Bingham Fox, knowingly operated Bingham Fox's boat, the *F/V Native Sun*, without a functioning system to separate oily water from water, and knowingly discharged oil into navigable waters in potentially harmful quantities. Dkt. # 4 at 5.

On March 16, 2017, defendant pleaded guilty to both counts. Dkt. # 137. Rather than

enter into a plea agreement, defendant submitted a "Factual Basis for Plea to Counts 1 and 2." Dkt. # 141. As to the substantive APPS count, defendant admitted to the following facts:

> Between March 2013 and September 2013, Randall Fox served as a crew member and then captain aboard the fishing vessel (F/V) Native Sun. During that time period, the F/V Native Sun accumulated enough water in the machinery space bilges that the bilge needed to be drained while the ship was underway. To achieve draining, Randall Fox operated a submersible pump in the F/V Native Sun's machinery-space bilge that was connected to a hose leading from the engine room over the side of the F/V Native Sun. By this mechanism, Randall Fox discharged machinery-space bilge water directly overboard from the F/V Native Sun into the sea. This was done without operating approved oil-water separating equipment, a bilge monitor, bilge alarm, or combination thereof.

Dkt. # 141 at 1–2. As to the conspiracy count, defendant admitted to these facts:

> Between March 2013 and September 2013, while aboard the F/V Native Sun, Randall Fox also entered into an implicit agreement with other crew members to knowingly commit an offense against the United States, specifically the Act to Prevent Pollution from Ships (APPS). Specifically, Randall Fox was taught by a former captain of the F/V Native Sun to discharge machinery space bilge water into the sea in the above-described manner. Mr. Fox admits to committing the overt act addressed in Paragraph 9 of the Indictment, specifically:
>
> While the F/V Native Sun was underway on or about June 15, 2013, Randall Fox operated submersible pumps in the machinery space bilges without using oil-separating equipment, a bilge monitor, bilge alarm, or combination thereof, and discharged machinery space bilge water through overboard hoses and into the sea. That same day, the following was entered in the F/V Native Sun's log book: "[s]tart mains, Grease shaft, pump bildge [sic]."

Dkt. # 141 at 2. Defendant's sentencing was scheduled for June 16, 2017.

Meanwhile, over the course of five days between March 21 and March 29, 2017, defendant's father and co-defendant, Bingham Fox, was tried before a jury. On March 30, 2017, after deliberating for just under five hours, the jury found Bingham Fox not guilty of conspiracy to violate the Clean Water Act and APPS, and guilty of a substantive Clean Water Act violation.

1 | Dkt. ## 173, 177.

2 | On April 25, 2017, defendant Randall Fox filed this motion to withdraw his guilty plea
3 | pursuant to Fed. R. Crim. P. 11(d)(2)(B), on the grounds that the factual basis of his plea is
4 | insufficient to find him guilty of both counts. Dkt. # 190. The government opposes defendant's
5 | motion. Dkt. # 196.

## DISCUSSION

A defendant may withdraw his guilty plea prior to sentencing if the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While a defendant is not permitted to withdraw his guilty plea "simply on a lark," the "fair and just" standard is generous and must be applied liberally. United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (quoting United States v. Hyde, 520 U.S. 670, 676–77 (1997)). "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid." United States v. Davis, 428 F.3d 802, 806 (9th Cir. 2005).

In this case, defendant primarily argues that his plea was invalid due to an insufficient factual basis. A plea without a sufficient factual basis is invalid under Fed. R. Crim. P. 11(b)(3). Here, defendant claims that his plea lacked a sufficient factual basis because, he argues, a violation of the APPS statute requires the knowing discharge of *oil or an oily mixture*, and defendant only admitted to the knowing discharge of *machinery-space bilge water*.

APPS provides that it is a class D felony for any person to knowingly violate APPS or regulations promulgated under APPS. 33 U.S.C. § 1908(a). One of those regulations prohibits "any discharge of oil or oily mixtures into the sea" unless various conditions are satisfied, including that "the oil content of the effluent without dilution is less than 15 parts per million" and that "the ship has in operation oily-water separating equipment, a bilge monitor, bilge alarm, or combination thereof." 33 C.F.R. § 151.10(a), (b). "Oily mixture" means "a mixture, in any form, with any oil content," including, but not limited to, "slops from bilges" and "oil residue

(sludge)." 33 C.F.R. § 151.05. As summarized above, defendant admitted to "discharg[ing] machinery-space bilge water directly overboard from the F/V Native Sun into the sea. . . . without operating approved oil-water separating equipment, a bilge monitor, bilge alarm, or combination thereof." Under the particular circumstances of this case, the facts admitted in defendant's "Factual Basis for Plea" are sufficient to support defendant's plea to an APPS violation, and to the conspiracy count predicated on that APPS violation.

Indeed, at defendant's plea hearing, the parties indicated that these admitted facts were a sufficient basis for a plea to both counts. Dkt. # 196-2 at 6. And in response to the Court's recitation of the elements of the APPS violation – that, acting knowingly, defendant knowingly discharged or directed others to discharge machinery-space bilge water, oil, oily residues, or oily mixtures into the sea without having in operation the necessary equipment – defendant acknowledged his understanding that the government would have to prove those elements at trial. Dkt. # 196-2 at 8.

Defendant argues, however, that the facts to which he admitted do not satisfy the APPS elements as summarized in the Court's jury instructions at Bingham Fox's trial. Because Bingham Fox was charged with conspiracy to violate APPS, the Court instructed the jury on the elements of an APPS violation as follows:

> To violate the Act to Prevent Pollution from Ships, a person must:
> First, knowingly discharge or direct others to discharge a substance into the sea from a ship;
> Second, the substance is oil or an oily mixture (that is, a mixture in any form with any oil content); and
> Third, the person knows that the substance is oil or an oily mixture.

Dkt. # 172 at 23. This instruction was drafted to reflect the evidence presented at trial with regard to the charges against Bingham Fox. The fact that the instruction does not refer to

"machinery-space bilge water" does not mean that a knowing discharge of "machinery-space bilge water" would not violate APPS. More importantly, had defendant proceeded to trial, the jury instructions ultimately given in his case would doubtless have differed from the ones actually given at Bingham Fox's trial, given the different charges, evidence, and defenses applicable to the two co-defendants.[1]

Defendant further asserts that his plea was grounded on a mistaken understanding of the APPS elements that he derived from a "preliminary ruling" of the Court at a status hearing on February 28, 2017. At that hearing, the parties discussed, in addition to various trial logistics, their proposed jury instructions and presented argument regarding the elements of the APPS violation. Dkt. ## 120, 196-1 at 17–23. Specifically, the parties disputed whether the government would need to prove that defendant had knowingly discharged "machinery-space bilge water" or water containing oil. The Court acknowledged that, under the APPS regulations, "[i]f it's machinery-space bilge water, by definition, it is a pollutant," and stated that "knowingly discharging machinery-space bilge water is what I will be putting the government to their proof on." Dkt. # 196-1 at 22. This appears to be what defendant refers to as the Court's "preliminary ruling."

Immediately after the Court made this statement, however, defense counsel offered to file a supplemental pleading on the APPS knowledge element issue, and the Court assented. Dkt. # 196-1 at 23. This supplemental pleading was filed on March 6, 2017. Dkt. # 123. The Court did not finalize the jury instructions until March 29, 2017. Dkt. ## 171, 172. Accordingly, defendant cannot now claim that the Court's statements on February 28, 2017 constituted a "ruling" on the elements of the APPS charge that rendered his plea on March 16, 2017 legally mistaken and hence invalid as a matter of law.

---

[1] Of course, no defendant decides whether to plead guilty with the benefit of a legally binding preview of the jury instructions that would be used at his trial. Differences between a defendant's proposed jury instructions and the instructions ultimately given would not, for instance, provide grounds for a post-conviction claim under Lafler v. Cooper, 566 U.S. 156 (2012).

ORDER GRANTING RANDALL FOX'S
MOTION TO WITHDRAW GUILTY PLEA - 5

But even a valid plea may be withdrawn if the defendant shows a "fair and just" reason for withdrawal. See Davis, 428 F.3d at 806. "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). While the Court's resolution of the dispute over jury instructions in Bingham Fox's case does not change the elements of the APPS violation to which Randall Fox pleaded guilty, "the generous 'fair and just reason' standard does not require that the defendant show that [intervening circumstances] exonerate[] him or that there is a reasonable probability he would not have been convicted had the case gone to trial," Davis, 428 F.3d at 807 (quoting United States v. Garcia, 401 F.3d 1008, 1011 (9th Cir. 2005)). Accordingly, the Court exercises its discretion to permit Randall Fox to withdraw his guilty plea.

**CONCLUSION**

For the all the foregoing reasons, defendant Randall Fox's motion to withdraw his guilty plea (Dkt. # 190) is GRANTED.

SO ORDERED this 19th day of June, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING RANDALL FOX'S
MOTION TO WITHDRAW GUILTY PLEA - 6