THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0100-JCC |
| Plaintiff, | ORDER |
| v. | |
| RANDALL FOX, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to allow telephonic or video testimony of an incarcerated defense witness (Dkt. No. 272). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

The parties in this case are scheduled to commence a jury trial on April 2, 2018. (Dkt. No. 253.) Defendant wants to call a witness, Alfred Anderson, who is currently incarcerated in the Olympic Correctional Facility in Forks, Washington. (Dkt. No. 272 at 1.) Defendant states that Mr. Anderson will testify about his time as a crew member aboard the *F/V Native Sun*, and that his testimony is relevant to Defendant's conduct as the ship's captain. (*Id*. at 2.) Mr. Anderson previously testified in the related trial of Defendant's father, Bingham Fox. (Dkt. No. 170.) In that case, Mr. Anderson was brought to federal custody on a w*rit of habeas corpus ad*

*testificandum*. (Dkt. No. 145.) After testifying, Mr. Anderson was held at the Federal Detention Center for 30 days before being transported back to the state facility. (Dkt. No. 272 at 2.) In this motion, Defendant asks that Mr. Anderson be allowed to testify via teleconference because a potential delay in transportation back to the State DOC facility would cause him to lose an opportunity to participate in work-release and other correctional programming. (*Id*.) The Government objects to the motion, arguing that Mr. Anderson is not truly unavailable to testify and that it would be prejudiced were he to testify remotely. (Dkt. No. 273 at 2.)

## II. DISCUSSION

"In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072–2077." Fed. R. Crim. P. 26. Notwithstanding that rule, courts have recognized that in certain situations, witnesses may testify remotely. *See United States v. Swisher*, 360 F. App'x 784, 786 (9th Cir. 2009) (affirming district court's ruling to allow unavailable defense witness to testify by telephone at the request of Defendant). A fundamental reason for requiring live testimony in criminal trials is to protect a Defendant's right to confront the witnesses against him. *See* U.S. Const. amend. VI; *see also United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (discussing the Sixth Amendment's general requirement that a criminal defendant gets to confront adverse witnesses in court).

Where, as here, it is a defense witness testifying remotely, the Court is not concerned with violating the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004) (the Confrontation Clause "applies to witnesses against the accused.") While the Court's chief consideration in allowing remote testimony is the Confrontation Clause, the Ninth Circuit has expressed a general preference for live testimony. *See Yida*, 498 F.3d at 950–51 (explaining the importance of the jury being able to observe a witness's demeanor while testifying).

Defendant does not provide a statute or rule that exempt's Mr. Anderson from the Rule 26 requirement for live testimony. Instead, Defendant asserts that it would be in the interests of justice to allow Mr. Anderson to testify remotely. (Dkt. No. 272 at 4.) The Court agrees. First,

there is no Confrontation Clause concern because Mr. Anderson will be providing testimony favorable to Defendant. Second, the Court does not believe the Government would be unduly prejudiced by having to cross-examine Mr. Anderson over a video-conferencing program such as Skype. The Government argues that its cross-examination of Mr. Anderson "will likely be cumbersome, disjointed, and entirely blunted if he is permitted to hide behind a telephone or even a video screen." (Dkt. No. 273 at 4.)

But testimony via video-conferencing would allow the jury and Government to see the witness's demeanor during his testimony. In this regard, live video-testimony does not pose the same problem as former recorded testimony such as transcripts from depositions or prior hearings that are read to the jury. *See Yida*, 498 F.3d at 950–51 (discussing the importance of live testimony in contrast to the use of former testimony under Federal Rule of Evidence 804). This Court has previously allowed defense witnesses to testify remotely when a defendant has made a showing of unavailability. *See United States v. Rahman*, Case No. CR17-0001-JCC, slip op. at 1 (D. N. Mar. I. Aug. 15, 2017) (presiding by designation over a criminal trial, Court allows defense witness to testify using video conferencing because he was out of the country). Finally, Defendant has demonstrated that Mr. Anderson would endure some hardship were he forced to testify in trial under a w*rit of habeas corpus ad testificandum*. (Dkt. No. 272 at 2.)

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to allow telephonic or video testimony of an incarcerated defense witness (Dkt. No. 272) is GRANTED. Defense counsel is ORDERED to coordinate with the Courthouse information technology staff to arrange for the use of video conferencing for Alfred Anderson's testimony. The Court will not be involved in arranging this testimony.

//

//

//

1     DATED this 28th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR16-0100-JCC
PAGE - 4