THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0100-JCC |
| Plaintiff, | ORDER |
| v. | |
| RANDALL FOX, | |
| Defendant. | |

This matter comes before the Court on the Government's *ex parte* sealed motion regarding disclosure of possible impeachment materials prior to trial (Dkt. No. 274). Having thoroughly considered the Government's briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

The parties in this case are scheduled to commence a jury trial on April 2, 2018. (Dkt. No. 253.) On March 23, 2018, the Government submitted an *ex parte* sealed motion asking the Court to review documents *in camera* to determine if they constitute potential impeachment material that must be disclosed to Defendant prior to trial. (Dkt. No. 274 at 1.) The materials deal with a witness Defendant intends to call at trial: Gary Medina, formerly a Chief Warrant Officer in the U.S. Coast Guard. (*See id.* at 2; Dkt. No. 257 at 4–5.) In September 2013, Medina was part of the investigatory team that boarded Defendant's boat, the *F/V Native Sun ("Native Sun")*. (Dkt. No. 257 at 3.) Medina questioned Defendant, interviewed other witnesses, and collected

evidence at the scene. (*Id*.) In pretrial filings, Defendant states that Medina's testimony will contradict a Government witnesses' testimony regarding certain evidence taken from the *Native Sun*. (*Id*. at 3–5.) The Government has not included Medina on its witness list and does not intend to call him at trial. (Dkt. No. 274 at 2.)

After learning Defendant intended to call Medina as a witness, the Government obtained information from the Coast Guard about Medina that could represent impeachment material subject to disclosure under *Giglio v. United States*, 405 U.S. 155 (1972). The potential *Giglio* material deals with two incidents: a 2015 Coast Guard investigation of Medina for alleged sexual misconduct, and a 2013 Coast Guard investigation into whether Medina misused his government-issued credit card. (Dkt. No. 274 at 2.) The Government asserts that it should not have to disclose these materials for two reasons: (1) the Government does not have to discover *Giglio* materials dealing with a defense witness; and (2) even if the Government were required to discover *Giglio* materials for a defense witness, the documents in this case do not qualify as material impeachment evidence. (*Id*. at 4–5.)

As an initial matter, the Court GRANTS the Government's motion to conduct an *in camera* review of the potential *Giglio* materials. (Dkt. No. 274 at 1); *see United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988) (upon request, a district court should review government files *in camera* to determine whether potential impeachment materials must be disclosed).

Having reviewed the materials, the Court concludes that they are subject to disclosure. Therefore, the Government's motion for a protective order is DENIED. The Government is ORDERED to disclose the materials to Defendant prior to trial. At this time, the Court will not issue a protective order regarding how the materials may be handled by the defense. The Court's ruling regarding disclosure of the materials does not preclude the Government from moving *in limine* to exclude the materials at trial.

The Court further DIRECTS the Clerk to UNSEAL the Government's *ex parte* motion (Dkt. No. 274).

1    DATED this 30th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE